UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER J. THICKLEN,

    Plaintiff,

v.                          Case No. 3:21cv1801-MCR-HTC

ESCAMBIA COUNTY JAIL,
 ESCAMBIA BOARD OF COUNTY COMMISSIONERS,
 and ESCAMBIA COUNTY SHERIFF'S OFFICE,

    Defendants.
_____/

## ORDER
## REPORT AND RECOMMENDATION

Plaintiff, Christopher J. Thicklen, a pre-trial detainee proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 based on various conditions of confinement at the Escambia County Jail. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Because Plaintiff has completely failed to respond to this Court's orders requiring him to file an amended complaint, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with an order of the Court.

On January 4, 2022, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found the complaint insufficient to be served on any of the three (3) Defendants. ECF Doc. 9. Namely, Plaintiff's complaint failed to satisfy the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure and Plaintiff sought relief against Defendants who are not subject to suit under § 1983. *Id.* The Court ordered Plaintiff to, within thirty (30) days, file an amended complaint curing these deficiencies or, in the alternative, to file a notice of voluntary dismissal. *Id.* Plaintiff was advised his failure to comply with the order may result in a recommendation that this case be dismissed for failure to prosecute and comply with an order of the Court. *Id.* Nonetheless, Plaintiff did not comply with that order. Thus, on February 10, 2022, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be dismissed for failure to prosecute or comply with Court orders. ECF Doc. 10. The time for Plaintiff to respond to the Court's show cause order has also passed without a response from Plaintiff.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case,

when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, Plaintiff has not filed anything with the Court since filing his motion to proceed *in forma pauperis* almost three (3) months ago. Thus, dismissal is also appropriate for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Finally, as set forth in the Show Cause Order, after filing this action, Plaintiff was transferred from the Jail to the custody of the Florida Department of Corrections ("FDOC"). *Id.* At the time of the Show Cause Order, the FDOC Inmate Locator database showed that Plaintiff was at Northwest Florida Reception Center. *Id.* Thus, as a matter of courtesy the Court directed the clerk to forward the Show Cause Order to Plaintiff at NFRC as well. *Id.* The Show Cause Order has not been returned

undeliverable.  It appears, based on the FDOC Inmate Locator database that Plaintiff has been transferred again and is now at the Okaloosa Work Camp.  However, once again, and despite being told in the Show Cause Order that he *must* keep the Court updated with his current address, Plaintiff has filed no notices of change of address with the Court.

Plaintiff's failure to keep the Court apprised of his current address is also a ground for dismissal.  *See McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case").

Accordingly, it is ORDERED,

1. Solely as a matter of courtesy, the clerk is directed to send a copy of this Report and Recommendation to Plaintiff, DC number 270542, to the Okaloosa County Work Camp.

2. Plaintiff shall file a notice of change of address with the clerk, reflecting his current address.  The clerk shall not update Plainitff's address until the clerk receives a Notice of Change of Address.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to comply with Court orders, and failure to keep the Court apprised of his current address.

2. That the clerk be directed to close the file.

DONE at Pensacola, Florida, this this 2nd day of March, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21cv1801-MCR-HTC